### DICK GILLIAM V. THE STATE.

No. 10300—Delivered June 22, 1927.

**1.—Murder—Misconduct of Juror—Rule Stated.**

Where, on a trial for murder, one of the jurors, with the consent of appellant, was permitted to go to the funeral of his half-sister, and during his absence from the jury he separated from the sheriff and conversed with numerous persons not in the presence of the sheriff, this misconduct on the part of the juror necessitates the reversal of the cause.

**2.—Same—Continued.**

Under Art. 671, C. C. P., it has frequently been held that where the evidence shows a violation of this statute, injury is presumed and it devolves upon the state to overcome this presumption by evidence. See Wood v. State, 206 S. W. 349; Toussaint v. State, 244 S. W. 514.

Appeal from the District Court of Wood County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction of murder, penalty fifteen years in the penitentiary.

This is a second appeal of this case. For the former opinion see 100 Tex. Crim. Rep. 67, for a more detailed statement of the facts.

*J. H. Beavers* and *J. H. Word,* for appellant. On misconduct of juror, appellant cites: Mann v. State, 204 S. W. 434; Early v. State, 103 S. W. 873; Rushenfsky v. State, 244 S. W. 373; Toussant v. State, 244 S. W. 517; Newman v. State, 240 S. W. 312; Paschall v. State, 138 S. W. 786, and Williams v. State, 265 S. W. 166.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE. — The appellant was convicted for the

offense of murder, and his punishment assessed at fifteen years in the penientiary.

This is a second appeal of this case. For the former opinion, see 100 Tex. Crim. Rep. 67, 272 S. W. 154, to which reference is made for a more detailed statement of facts.

The deceased was killed on the premises of the appellant. No one was present at the time he was shot except the appellant, the deceased, and the appellant's wife, who was in the house at the time of the shooting.

The defense was self-defense, appellant contending that at the time of the shooting deceased was advancing on him with a pair of cotton scales.

The evidence also raises the issue of defense of property, the appellant contending that he was protecting his property against an unlawful attack by deceased, there being evidence offered by the appellant tending to prove that deceased was, by force, making an effort to deprive appellant of the possession of a bale of cotton by preventing him from moving same to the gin.

The issues of manslaughter, self-defense, and justifiable homicide in the protection of property against an unlawful attack, were submitted by the learned trial judge in his main charge and in special charge No. 2, which charges were not subject to any of the exceptions directed to them.

Special charges Nos. 1, 3 and 4, and special charges, not numbered, found on pages 33, 35 and 36 of the transcript, were properly refused by the learned trial judge.

In view of the disposition of this case, we pretermit a discussion of all of the bills of exception save and except bill of Exception No. 7, which complains of the failure of the court to grant a new trial on account of the misconduct of the juror Spivey.

The bill shows that after the argument had begun information was received by the court that a half sister of the juror Spivey had died and would be buried that afternoon at Smyrna near Winnsboro. Upon agreement of counsel for both sides, and with the personal consent of the appellant, the juror Spivey left immediately for Winnsboro in the custody of the sheriff. While there, the juror talked to a number of citizens in the presence of the sheriff. He also held a number of conversations with different parties out of the presence and hearing of the sheriff. The sheriff and the juror did not attend the funeral at Smyrna, as it was postponed. They returned to the courthouse, and the juror resumed his duties, and later a verdict of guilty was returned.

Article 671, Code of Criminal Procedure, provides that no per-

son shall be permitted to converse with a juror after the juror has been impaneled, except in the presence and by permission of the court. It is perfectly clear, after a careful reading of the evidence adduced on the motion for new trial and set out in the bill of exception, that this statute was violated when the juror separated from the sheriff and held conversations with several different citizens, which conversations the sheriff did not hear.

It has frequently been held by this court that where the evidence shows a violation of this statute injury is presumed, and it devolves upon the state to overcome this presumption by evidence. The state offered no evidence rebutting the presumption of injury.

When the appellant agreed that the juror could attend the funeral at Smyrna provided he did so in the custody of the sheriff, appellant also impliedly agreed that the juror could communicate with others provided he did so in the presence and hearing of the sheriff and provided he did not discuss the case on trial. It would be unreasonable to hold that appellant, either expressly or impliedly by said agreement, consented to the juror communicating and conversing with citizens out of the presence and hearing of the sheriff. The evidence offered by appellant on his motion for new trial, which is fully set out in his bill of exception, discloses that said juror transacted business at the First National Bank in Winnsboro with a party connected with the bank, that the sheriff admitted that while this conversation was taking place he was at another window talking with another and different party and did not hear the conversation; that at the home where the juror's sister lay a corpse the juror was permitted to enter a room, in which there were at least eight people, where he conversed with them for some time; that at this time the sheriff was in another and different room and never heard what was said; and that the juror met and talked with his son, which conversation was out of the presence and hearing of the sheriff.

If all communications and conversations held by the juror with outsiders had been held in the presence and hearing of the sheriff, and if same had not been about the case on trial, appellant could not be heard to complain since he consented and agreed to the juror attending the funeral in the custody of the sheriff, which consent and agreement impliedly carried with it permission for said juror to converse with outsiders in the presence and hearing of the sheriff, provided the conversations did not relate to the case on trial. It having been shown without

contradiction that the statute had been violated, and it further appearing that the state had offered no evidence to overcome the presumption of injury, which could have been done by producing those with whom the juror conversed and have them detail their version of the various conversations, it is our opinion the learned trial judge fell into error in not granting appellant a new trial. Wood v. State, 206 S. W. 349; Toussaint v. State, 244 S. W. 514.

For the reasons set out above, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.